CINCINNATI, COLUMBUS & WOOSTER TPK. CO. v. MILFORD (VIL.).

1. ACTION FOR COMPENSATION FOR PIKE USED FOR STREET PURPOSES MUST BE BROUGHT IN COUNTY CONTAINING MUNICIPALITY.

An action by a turnpike company under Gen. Code 3719 to recover compensation for a portion of its roadway, lying within the corporate limits of a village, taken possession of and used for street purposes, is transitory in character; hence, it must be brought in the county in which such village is situated.

2. VILLAGE SITUATED IN TWO COUNTIES SUED IN COUNTY OF SITUS.

Where a village is situated partly in one county and partly in another it must be sued in the county in which it has its situs.

ERROR to common pleas court.

*Thorne Baker,* for plaintiff in error.

*D. W. Murphy,* for defendant in error.

The turnpike company brought an action to recover compensation for something over a mile of roadway, which it was claimed the village had taken possession and is using as a street without first making compensation therefor. The defendant denied that it was liable to be sued in Hamilton county, for the reason that it is an incorporated village situated in both the county of Hamilton and the county of Clermont, but has its principal seat of government, mayor's office and place of business in Clermont county, and has no seat of govern-

ment, mayor's office or place of business in Hamilton. The court below held for the village.

## GIFFEN, P. J.

An action under Gen. Code 3719, to recover from a city compensation for a turnpike included within the corporate limits, is under the code, not local, but transitory in character, and must be brought in the county where the defendant resides or may be summoned. The defendant in error is situated partly in two counties, but has its *situs* in Clermont county, where it must be sued in such action. *Fostoria* v. *Fox,* 60 Ohio St. 340 [54 N. E. Rep. 370].

Judgment affirmed.

**Smith** and **Swing, JJ.,** concur.